NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOE NOLBERTO CARRIAS-MAYORGA, | No. 18-70500 |
| Petitioner, | Agency No. A072-994-335 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Noe Nolberto Carrias-Mayorga, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his motion to reopen deportation

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen and

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Carrias-Mayorga's motion to reopen, where he concedes he was personally served with written notice of his hearing. *See* 8 U.S.C. § 1252b(c)(3)(B) (1995) (An in absentia deportation order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section[.]"). Carrias-Mayorga's contention that he was not provided with written notice of his hearing in Spanish fails, where the notice, signed by the IJ, states he was given written notice in both English and Spanish. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) ("In the absence of clear evidence to the contrary, courts presume that public officers properly discharge their duties[.]" (internal quotation marks and citation omitted)).

We lack jurisdiction to review the agency's denial of sua sponte reopening, where Carrias-Mayorga does not raise a legal error that would invoke our jurisdiction. *See Bonilla*, 840 F.3d at 588 (the court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error).

Carrias-Mayorga's contention that the order to show cause ("OSC") was defective because it did not include a date and time for his initial hearing fails,

where the statute in effect in 1995 permitted the time of the hearing to be sent in a separate notice after the OSC. *Compare* 8 U.S.C. § 1252b(a)(2)(A)(i) (1995) (requiring the time at which proceedings will be held to be included in a subsequent notice), *with* 8 U.S.C. § 1229(a)(1)(G)(i) (2019) (requiring the time at which proceedings will be held to be included in a notice to appear ("NTA")). Accordingly, the holding of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which considered requirements for an NTA after passage of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), does not apply to Carrias-Mayorga, whose OSC was served in 1995, prior to IIRIRA's enactment.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**